NO. 23-13714

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

SHA'OLA TERRELL

PLAINTIFF-APPELLANT

v.

ALABAMA STATE UNIVERSITY, THE BOARD OF TRUSTEES FOR ALABAMA STATE UNIVERSITY

DEFENDANTS-APPELLEES

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

NO. 2:22-CV-00047 RAH-CWB

APPELLANT'S LETTER BRIEF

Jamie A. Johnston
Jamie A. Johnston, P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
PO Box 4663
Montgomery, Alabama 36103
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com
Attorney for Appellant

No. 23-13714
SHA'OLA TERRELL V. ALABAMA STATE UNIVERSITY, et.al

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT

Pursuant to FRAP 26.1 and Eleventh Circuit Rule 26.1, the undersigned counsel of record verifies that those persons or entities listed below have or may have an interest in the outcome of this case:

Alabama State University – Appellee

Board of Trustees for Alabama State University - Appellee

Huffaker, Jr., Robert – United States District Judge

Johnston, Jamie A. – Counsel for Appellant

Salaam-Jones, Ramadanah – Counsel for Appellee

Terrell, Sha'ola - Appellant

Thomas, Kenneth – Counsel for Appellee

C-1

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT……………………………………………………….. C-1

TABLE OF CITATIONS ……………………………………………….  C-2

STATEMENT OF THE ISSUES……………………………………….. C-3

DISCUSSION …………………………………………………………….  1

CERTIFICATE OF COMPLIANCE……………………………………  6

CERTIFICATE OF SERVICE ………………………………………….. 7

## TABLE OF CITATIONS

**Cases**

*Cannon v. University of Chicago*, 441 U. S. 677 (1979)………………. 1,2,3,5

*Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992)…….. 1,3

*Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171 (2005).. 1,4

*Joseph v. Board of Regents of the University System of Georgia, et al.,* No. 23-11037 (11th Cir. Nov. 7, 2024)…………………………………………… 1,2,3,5

*N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982)…………………….. 1,2,3,4

**Statutes**

Title IX of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e…. 1,2,3,4,5

20 U.S.C. §1681

## STATEMENT OF THE ISSUE

In its order of November 18, 2024, this Court directed the parties to brief the following issue:

> What is the effect of this Court's recent decision in *Joseph v. Board of Regents of the University System of Georgia, et al.,* No. 23-11037 (11th Cir. Nov. 7, 2024), on the plaintiff's claims under Title IX.

## DISCUSSION

In *Joseph v. Board of Regents of the University System of Georgia, et al.,* No. 23-11037 (11th Cir. Nov. 7, 2024) this Court determined that Title IX does not provide a private right of action for sex discrimination in employment. While it appears to eliminate the Appellant's right to maintain a Title IX claim, the *Joseph* decision should not be followed here because it is inconsistent with the United States Supreme Court's decisions addressing Title IX.

The Appellant urges this Court to not apply *Joseph* here and in fact this Court should reconsider its holding in *Joseph* given the Supreme Court's decisions in *Cannon v. University of Chicago*, 441 U. S. 677 (1979), *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982), *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60 (1992) and *Jackson v. Birmingham Board of Education,* 544 U.S. 167, 171 (2005).

At its core, Title IX prohibits sex-based discrimination in federally funded educational programs. Title IX reads in relevant part as follows:

"[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."
20 U.S.C. §1681(a).

In *Cannon,* the Supreme Court considered whether a female medical school applicant could bring a claim under Title IX despite the lack of an express right

within Title IX. The Supreme Court interpreted Title IX and explicitly held that there was an implied right of action allowing aggrieved individuals to bring suit. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 691 (1979). Based on *Cannon,* the decision in *Joseph* should not be applied here, because the Supreme Court recognized an implied right of action under Title IX. The *Cannon* decision did not limit that implied right of action to a student of an educational organization. In fact, the Supreme Court reiterated the intentional breadth of Title IX for purposes of prohibiting discrimination. Consistent with the *Cannon* decision, the Appellant should be able to maintain her Title IX cause of action. The fact she was an employee and not a student of a federally funded educational institution should not alter the long-standing recognition of an implied right under Title IX to pursue her claim.

The Supreme Court's decision in *Bell* also mandates this Court to take a different direction here than it did in *Joseph* and ultimately for this Court to reconsider its opinion in *Joseph.* In *Bell,* the Supreme Court found that employment discrimination comes within Title IX's prohibition. *Id.* at 520-535. The Court noted that while § 901(a) does not expressly include or exclude employees, its use of broad and all-inclusive language ("no person") establishes that Title IX applies to both employees and students. *Id.* at 520-522. Further, in *Bell* the Supreme Court looked to Title IX's legislative and post-enactment history as further support for the position that Title IX bans employment discrimination in federally financed education

programs. *Id.* at 523-535. Here, the Appellant was an employee at a federally financed educational institution and was subjected to discrimination based on her sex – something strictly prohibited under Title IX. This Court's decision in *Joseph* should not be followed as it is contrary to the long history of the United States Supreme Court opinions such as and including *Bell*.

Another United States Supreme Court decision warrants a deviation from *Joseph* in this case. As this Court may recall, in *Franklin,* a federal district court dismissed Franklin's suit, stating that Title IX did not allow for monetary relief. This Court affirmed the lower court's decision. The United States Supreme Court, however, reversed those decisions and ruled that monetary damages are an available remedy in private actions brought to enforce Title IX for alleged intentional violations. *See Franklin*, 503 U.S. at 72-75. The Court noted that federal courts must "presume the availability of all appropriate remedies unless Congress has expressly indicated otherwise." *Id* at 66 (emphasis added). Moreover, the *Franklin* decision noted that there is no congressional intent to abandon that presumption in Title IX cases. *Id.* at 72. Likewise, this Court should not presume as it does in *Joseph* that there is no implied right of action for employees simply because Title IX does not expressly state that it applies to employees. Rather, this Court must presume "no person" includes employees because the statute does not expressly state otherwise.

The United States Supreme Court's opinion in *Jackson v. Birmingham Board of Education,* 544 U.S. 167 (2005) is also instructive here. Title IX's private right of action encompasses claims of retaliation against an individual because he has complained about sex discrimination. *Id.* at 173-184. The United States Supreme Court stated in *Jackson* that Title IX "broadly prohibits a funding recipient from subjecting any person to "discrimination" "on the basis of sex."" *Id.* at 173 (quoting 20 U.S.C. §1681)(emphasis added). The Supreme Court did not limit the scope of "person" in *Jackson* rather it held that it protects any person. Moreover, in *Jackson,* the person involved was in fact an employee. As the Court noted, "[d]iscrimination" is a term that covers a wide range of intentional unequal treatment; by using such a broad term, Congress gave the statute a broad reach. See *North Haven Bd. of Ed.* v. *Bell*, 456 U.S. 512, 521 (1982) (Courts "`must accord'" Title IX "`a sweep as broad as its language'")". *Id.* at 175.

Title IX was drafted intentionally with broad language so that it would provide the widest reach of protection. The Supreme Court to this Court in *Jackson* cautioned against finding against a narrow interpretation of Title IX simply because of an absence of express language. *Id.* at 174. This Court's most recent decision in *Joseph* ignores the Supreme Court's rulings and incorrectly and narrowly ruled that Title IX does not provide an implied right of action for employees in federal funded educational institutions. The *Joseph* decision should not be followed here. The

Appellant as an employee of a federally funded educational institution was subjected to discrimination because of her sex in violation of Title IX. The United States Supreme Court has held that she has an implied right of action and can pursue monetary damages under Title IX. This Court's decision in *Joseph* should not be followed here given its inconsistencies with the Supreme Court's decisions.

Respectfully submitted on this the 18th day of November 2024.

/s/ Jamie A. Johnston
Attorney for Plaintiff-Appellant

**OF COUNSEL:**
Jamie A. Johnston, P.C.
PO Box 4663
Montgomery, Alabama 36103
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com

PHYSICAL ADDRESS:
509 Cloverdale Road Suite 101
Montgomery, Alabama 36106

# **CERTIFICATE OF COMPLIANCE**

1. This Letter Brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1058 words and is less than ten pages per Court order.  In certifying the number of words in the Motion, I have relied on the word count of the word-processing system used to prepare the Letter Brief.

2. This Letter Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

/s/ *Jamie A. Johnston*
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, Plaintiff-Appellant Letter Brief was filed through this Court's CM/ECF system and thereby was served on all counsel of record. Under 11th Cir. Rule 25-3, no independent service by other means is required.

*/s/ Jamie A. Johnston*
OF COUNSEL