

OFFICE OF GENERAL COUNSEL

**Ramadanah M. Salaam-Jones**
**Deputy General Counsel**
rsjones@alasu.edu

November 18, 2024

<u>**VIA CM/ECF**</u>
David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

> Re:   Sha'Ola Terrell v. Alabama State University, et al.
>       Appeal No.: 23-13714
>       Letter Brief re: Joseph v. Board of Regents of the University System of Georgia, et al.

Dear Mr. Smith:

Pursuant to the Court's Order dated November 8, 2024, the parties were directed to file simultaneous letter briefs regarding the Court's most recent decision in *Joseph v. Bd. of Regents of Univ. Sys. of Ga.*, et al., 23-11037 (11th Cir. November 7, 2024).

Based upon this Court's decision in *Heatherly v. Univ. of Ala. Bd. of Tr.*, 778 Fed. Appx. 690, 694 (11th Cir. 2019), the United States District Court for the Middle District of Alabama ("district court"), the district court from which the instant case originated, held that the question of whether Title IX creates an implied right of action for an employment claim was undecided by this Court. *Williams v. Ala. State Univ.*, No. 2:22-cv-48-ECM (WO), 2023 U.S. Dist. LEXIS 124135 * at *25 (M.D. Ala. July 19, 2023). As such, the district court analyzed the Title IX claim in the instant case as well as previous cases using the burden-shifting analysis typically used to review Title VII cases. *Terrell v. Ala. State Univ.*, et al., 700 F.Supp.3d 1015, 1028-1030 (M.D. Ala. 2023); *see also Grandison v. Ala. State Univ.*, 2022 WL 418689, at *5 (M.D. Ala. Feb. 10, 2022). Because of district court's decision in previous Title IX employment cases that ASU have been a defendant, ASU did not seek a dismissal of Terrell's Title IX claim and submitted argument and evidence in accordance with the burden-shifting analysis.

**ALABAMA STATE UNIVERSITY**
**OFFICE OF THE GENERAL COUNSEL**

This Court makes it clear in its opinion in *Joseph* "that Title IX does not create an implied right of action for sex discrimination in employment." Further, the United States Supreme Court's decision in *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005), does not stand for the premise that Title IX creates an implied cause of action for employment discrimination claims as *Jackson* related to a cause of action stemming from an employee alleging retaliation as a result of asserting Title IX claims on behalf of students. The plaintiff in *Joseph* was seeking a remedy to discrimination and retaliation which solely concerned his employment and not the complaints of students. As such, this Court affirmed the decision of the lower court dismissing the plaintiff's Title IX claims.

Terrell's Title IX claim is rooted solely in her claims of unequal pay based upon her gender. The district court in *Terrell* did grant summary judgment to ASU against Terrell's Title IX claim after going through the burden-shifting analysis. The result of that decision should be affirmed based upon this Court's holding in *Joseph*.

Sincerely,

*/s/ Ramadanah Jones*

Ramadanah M. Salaam-Jones

**KENNETH L. THOMAS (THO043)**
**RAMADANAH S. JONES (SAL026)**
*Attorneys for Alabama State University and the*
*Board of Trustees for Alabama State University*

**OF COUNSEL:**
Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Office of the General Counsel
**ALABAMA STATE UNIVERSITY**
P.O. Drawer 271
Montgomery, Alabama 36101-0271
(334) 229-1465 (phone)
kthomas@alasu.edu
rsjones@alasu.edu

ALABAMA STATE UNIVERSITY
OFFICE OF THE GENERAL COUNSEL

## **CERTIFICATE OF INTERESTED PARTIES**

Appellee, Alabama State University, certifies that pursuant to the Federal Rules of Appellate Procedure, Rule 26.1, and the Eleventh Circuit Court of Appeals Rules, Rules 26.1-1, 26.1-2 and 26.1-3, the following represents a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. *Alabama State University*, Defendant/Appellee, and public university in the State of Alabama;

2. *Board of Trustees for Alabama State University*, the governing body for Defendant/Appellee Alabama State University

3. *Driscoll-MacEachron, James*, Appellate Counsel for the United States Equal Employment Opportunity Commission

4. *Johnston, Jamie A.,* Counsel for the Plaintiff/Appellant

5. *Marks, Hon. Emily C.*, District Court Judge, Chief Judge of the United States District Court for the Middle District of Alabama

6. *RSUI Group, Inc.*, the insurer for Defendants/Appellees Alabama State University and the Board of Trustees for Alabama State University

**ALABAMA STATE UNIVERSITY**
**OFFICE OF THE GENERAL COUNSEL**

7. *Salaam-Jones, Ramadanah M.,* Counsel for Defendant/Appellee Alabama State University

8. *Terrell, Sha'Ola*, Plaintiff/Appellant

9. *Thomas, Kenneth L.*, Counsel for Defendant/Appellee Alabama State University

10. *United States Equal Employment Opportunity Commission*, Amicus Curiae

    Respectfully Submitted,

    /s/ Ramadanah M. Salaam-Jones
    **KENNETH L. THOMAS (THO043)**
    **RAMADANAH S. JONES (SAL026)**
    *Attorneys for Alabama State University*

**OF COUNSEL:**
Kenneth L. Thomas, Esq.
Ramadanah M. Salaam-Jones, Esq.
Office of the General Counsel
**ALABAMA STATE UNIVERSITY**
P.O. Drawer 271
Montgomery, Alabama 36101-0271
(334) 229-1465 (phone)
kthomas@alasu.edu
rsjones@alasu.edu

**CERTIFICATE OF SERVICE**

**ALABAMA STATE UNIVERSITY**
**OFFICE OF THE GENERAL COUNSEL**

I hereby certify that a copy of the foregoing has been served upon the following this Court's CM/ECF system on this the 18th day of November, 2024.

Jamie A. Johnston, P.C.
P.O. Box 4663
Montgomery, Alabama 36103
(334) 202-9228 (Phone)
(334) 265-8789 (FAX)
jamie@jjohnstonpc.com

/s/ Ramadanah M. Salaam-Jones
**OF COUNSEL**